UNITED STATES DISTRICT COURT
for the
DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| KARL THOMAS, an individual, | ) | Case No. _____ |
| | ) | Hon._____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SANDERS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, a municipal corporation, | ) | |
| LAURIE HINES, an individual, and | ) | |
| WILLIAM T. DAY, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR A CIVIL CASE
## AND JURY DEMAND

Plaintiff, Karl Thomas ("Thomas"), an individual, by his attorneys, Datsopoulos, MacDonald & Lind, PC, and for his Complaint for a Civil Case and Jury Demand, states as follows:

## STATEMENT OF THE CASE

1.     Thomas provided financial assistance over the years to a friend, Michael Thompson ("Thompson"), who had previously worked for Thomas when Thompson lived in Florida.

2.     In consideration of funds provided by Thomas, Thompson executed a Deed to himself and Thomas making them joint tenants with rights of survivorship

regarding certain real estate in Sanders County, Montana.

3.      When Thompson passed away on September 13, 2021, based on the agreements between Thomas and Thompson and the recorded Deed, Thomas became the sole owner of the real estate in Sanders County, MT.

4.      The property consists of a house, a metal workshop/vehicle storage building, and about 18.5 acres of land ("the Property").  The current property value is approximately $1 Million.

5.      There was a dispute with Thompson's alleged heir about the ownership of the Property, and there was litigation in the 20th Judicial Circuit, Sanders County, Montana.

6.      Ultimately, the State Court ruled that Thomas owned the Property, and that the alleged heir of Thompson, Defendant Laurie Hines ("Hines"), owned Thompson's personal property.

7.      Nothing in the State Court's ruling conveyed any personal property owned by Thomas to Hines.

8.      Thomas arranged for Hines to pick up Thompson's personal property.

9.      Thomas notified Hines that he was going to be in Germany and could not meet her at the Property in June 2022.  Thomas told Hines that he could meet her there in July 2022.

10.    Thomas told Hines that she would be able to pick up Thompson's personal property from a storage trailer at the Property while Thomas was away.

11.    Hines then threatened to break into the house because Thomas was unable to meet her in Montana during June 2022.

12.    As promised, Thomas and his son removed Thompson's personal property from the house and put it all in a trailer for Hines to pick up.

13.    While Thomas was in Europe (while Hines knew that Thomas would not be in Montana), Hines convinced the Sanders County Sheriff's Department ("Sheriff"), specifically Deputy Kelly, to help her gain access to the house and storage building.

14.    Thomas was not contacted by the Sheriff to ask his permission to enter the house.

15.    The Sheriff did not have a court order, warrant or other authority to enter the house or storage building, nor to allow Hines to enter.

16.    On or about September 19, 2023, the Sheriff's Deputy demanded that a caretaker, Defendant William T. Day ("Day"), give Hines the key to the front door of the house and storage building to allow entry by Hines, contrary to instructions from Thomas.

17.    The Sheriff threatened to forcibly enter the Property if Day did not turn over the key.

3

18.    After illegally gaining entry to the house and storage building, Hines (a) took items that did not belong to her, but were actually owed by Thomas; (b) removed fixtures; (c) damaged the house; and (d) left the house and Property in disarray.

19.    The Sheriff did not remain with Hines or supervise her conduct.  The Sheriff did nothing to make sure that Hines only took items that had been awarded to her by the State Court.

20.    Deputy Kelly left the Property while Hines was still alone in the house.

21.    Hines' actions, for several hours, in the house on September 19, 2023 were captured by Ring security camera videos.  After that, she disabled or removed the Ring video cameras so that she could proceed in secret.

22.    Hines retained the key to the house and storage building after September 19, 2023.

23.    Hines used the key to repeatedly enter the house and storage building, remove items from them, and cause damage to the house and storage building.

24.    Hines held a garage sale at the Property over a period of several days. She sold items of property and retained the proceeds.

25.    The Sheriff did nothing to monitor or restrict Hines' activities after illegally arranging her access to the house and storage building.

## **PARTIES**

26.    Plaintiff Karl Thomas is an individual who resides in Stuart, Florida.

27.    Defendant Sanders County Sheriff's Department is a municipal corporation organized and existing under the Constitution and laws of the State of Montana.

28.    Defendant Laurie Hines is an individual who resides in Buckley, Washington.

29.    Defendant Day is an individual who resides in Thompson Falls, Montana.

## **JURISDICTION**

30.    Thomas's claims against the Sheriff are based on the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

31.    This Court has jurisdiction of this matter under 28 U.S.C. §1331.

32.    This Court also has pendent jurisdiction over the state law claims alleged in the Complaint.

## **FACTUAL ALLEGATIONS**

33.    Thomas provided financial assistance over the years to Thompson, who had worked for Thomas when Thompson lived in Florida.

34.    Thomas and Thompson were long-term friends.

35.     Thompson acquired real property in Sanders County, Montana on or about May 12, 2017, described as Parcel 2C on Certificate of Survey No. 3205 ("the Property"), recorded at Document No. 306268, records of Sanders County, Montana.

36.     On December 7, 2018, Thomas and Thompson entered into a written agreement and Thomas purchased a joint tenancy interest in the Property with right of survivorship.

37.     On December 10, 2018, Thompson recorded a Quit Claim Deed to himself and Thomas as joint tenants with rights of survivorship under Document No. 311561, records of Sanders County, Montana.

38.     On December 6, 2018, as part of the same transaction, Thompson executed and delivered a Bill of Sale to Thomas for certain personal property and fixtures to be used at the Property, including a John Deere tractor and attachments.

39.     Upon Thompson's death, Thomas became the sole owner of fee simple of the Property and fixtures, described as Parcel 2C on Certificate of Survey No. 3205 on file in the Office of the Clerk and records of Sanders County, Montana.

40.     Following the death of Thompson, Thomas filed a Statement of Acknowledgment for Transfer of Joint Interest transferring all interest in the Property and fixtures to himself, recorded under Document No. 323338, records of Sanders County, Montana.

41.     There followed a dispute with Thompson's alleged heir leading to the litigation in State Court in Montana.  Hines filed an action to quiet title to the Property.

42.     Ultimately, the State Court ruled that Thomas owned the Property, but Hines owned Thompson's personal property.

43.     Thomas and his son removed Thompson's personal property from the house and put it in a trailer for Hines to pick up.  However, while Thomas was in Europe, Hines convinced the Sheriff to help her gain access to the house and storage building.

44.     Thomas was not contacted by the Sheriff to ask his permission to enter the house.  The Sheriff did not have a court order, warrant or other authority to enter the house or storage building.

45.     The Sheriff demanded that Day give Hines the key to the front door of the house, and the key to the storage building, to allow entry by Hines.  Day turned over the key, contrary to instructions from Thomas, because the Sheriff threatened to forcibly gain entry.

46.     After illegally gaining entry to the house, Hines (a) took items that did not belong to her, (b) removed fixtures, (c) damaged the house and storage building, and (d) left the house and Property in disarray.

47.    The Sheriff did not remain with Hines or supervise her conduct.  The Sheriff did nothing to make sure that Hines only took items that had been awarded to her by the State Court.

## COUNT I
## INVERSE CONDEMNATION –TAKING OF
## PRIVATE PROPERTY WITHOUT JUST COMPENSATION

48.    Thomas incorporates by reference the allegations of Paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.    The Sheriff, under color of law, has taken Thomas's Property without payment of just compensation.

50.    The Sheriff may not take Thomas's Property without just compensation, pursuant to the Fifth Amendment.

51.    Thomas is entitled to recover compensation from the Sheriff for its taking of Thomas's Property, under 42 USC §1983.

WHEREFORE, Thomas respectfully requests this Court to:

    a.    Award Thomas just compensation for the taking of his property rights by the Sheriff, in an amount in excess of $75,000; and

    b.    Award Thomas his costs, interest and attorney's fees as allowed by law.

## COUNT II
## ILLEGAL ENTRY INTO PLAINTIFF'S PROPERTY

52.    Thomas incorporates by reference the allegations of Paragraphs 1 through 51, inclusive, as though fully set forth herein.

53.     Under the Fourth Amendment, the Sheriff could not enter the Property of Thomas without a warrant or court order.

54.     Thomas is entitled to recover compensation from the Sheriff for the damages caused by illegal entry into Thomas's Property.

WHEREFORE, Thomas respectfully requests this Court to:

  a. Award Thomas just compensation for the taking of his property rights by the Sheriff, in an amount in excess of $75,000; and

  b. Award Thomas his costs, interest and attorney's fees as allowed by law.

## COUNT III
## SUBSTANTIVE DUE PROCESS

55.     Thomas incorporates by reference the allegations of Paragraphs 1 through 54, inclusive, as though fully set forth herein.

56.     The Fifth and Fourteenth Amendments of the U.S. Constitution provide that no person shall be deprived of property without due process of law.

57.     The Fifth Amendment prohibits the deliberate and arbitrary use of government power.

58.     The Sheriff's actions toward Thomas and his Property were taken pursuant to a policy and practice of the Sheriff.

59.     The actions of the Sheriff were taken under color of state law.

60.     The Sheriff's actions toward Thomas were arbitrary and unreasonable, and either failed to advance a legitimate government interest or were an unreasonable means of advancing a legitimate government interest.

61.     The acts or omissions of the Sheriff were intentional.

62.     The acts or omissions of the Sheriff were the proximate cause of the deprivation of Thomas's substantive due process rights protected by the Montana Constitution.

63.     Thomas has been damaged by the Sheriff's actions.

64.     Thomas is entitled to recover damages from the Sheriff pursuant to the Fifth Amendment and 42 USC §1983.

WHEREFORE, Thomas respectfully requests this Court to:

a.     Enter a Judgment determining that the Sheriff has deprived Thomas of his Property without due process of law;

b.     Award Thomas damages caused by the due process violation; and

c.     Award Thomas his costs, interest, and attorney's fees as allowed by law.

## COUNT IV
## TRESPASS

65.     Thomas incorporates by reference the allegations of Paragraphs 1 through 64, inclusive, as though fully set forth herein.

66.    On or around September 19, 2023, Hines, Day, and the Sheriff trespassed onto the Property without Thomas' permission.

67.    Hines convinced the Sheriff to assist her in entering Thomas' house and storage building.

68.    The Sheriff demanded that the caretaker, Day, turn the keys over to Hines.

69.    The Sheriff did not have a court order, warrant or other authority to enter the house.

70.    Thomas was not contacted by the Sheriff to ask his permission to enter the house.

71.    After the Sheriff threatened to forcibly enter the premises, Hines and the Sheriff illegally gained entry to the house when Day was coerced to unlock the door, contrary to the instructions from Thomas.

72.    Hines entered Thomas's house with knowledge that she was not permitted to enter.

73.    Hines took personal property owned by Thomas without permission, removed fixtures from inside the house, and damaged the house.

WHEREFORE, Thomas respectfully requests this Court to:

     a.    Enter a Judgment against Defendants for the damage caused by their trespass; and

11

    b.    Award Thomas his costs, interest and attorney's fees as allowed by law.

## COUNT V
## CONVERSION

74.    Thomas incorporates by reference the allegations of Paragraphs 1 through 73, inclusive, as though fully set forth herein.

75.    Thomas owned personal property that was stored inside Thomas' house.

76.    Hines unlawfully and intentionally gained entry to the house by convincing the Sheriff to assist her in gaining entry to the house.

77.    Day intentionally opened the door for Hines and the Sheriff to allow them entry, contrary to Thomas's instructions.

78.    Hines took personal property owned by Thomas without permission, removed fixtures from inside the house, and damaged the house.

79.    Hines knowingly and intentionally took these actions.

80.    Day knowingly and intentionally took these actions.

81.    Thomas has been damaged by Hines' actions.

82.    Thomas has been damaged by Day's actions.

83.    Thomas is entitled to recover compensation from Hines' illegal conversion of Thomas' Property.

WHEREFORE, Thomas respectfully requests this Court to:

    a.      Enter a Judgment against Defendants for the damage caused by their conversion; and

    b.      Award Thomas his costs, interest and attorney's fees as allowed by law.

## **JURY DEMAND**

Plaintiff, Karl Thomas, hereby demands a trial by jury as to all issues in this case.

Respectfully submitted,

Datsopoulos, MacDonald & Lind, PC

By: *William J. Lower*
William J. Lower (Montana Bar #13626)
Counsel for Plaintiff
201 W. Main Street, Suite 201
Missoula MT 59802
(406) 728-0810
Dated:  April 29, 2024      lower@dmllaw.com