IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KARL THOMAS, an individual, | CV 24-58-M-DLC-KLD |
| Plaintiff, | |
| vs. | ORDER |
| SANDERS COUNTY SHERIFF'S DEPARTMENT, a municipal corporation, LAURIE HINES, an individual, and WILLIAM T. DAY, an individual, | |
| Defendants. | |

Plaintiff Karl Thomas has filed a motion for leave to serve Defendant Laurie Hines by mail (Doc. 30). For the reasons discussed below, that motion is DENIED without prejudice to refile. Additionally, Thomas has filed a notice of filing return of service for William T. Day, which purports to establish service on Day. (Doc. 32). However, because Day was not personally served under Mont. R. Civ. P. 4(e), the Court will allow Thomas additional time to personally serve Day.

## DISCUSSION

On September 9, 2024, the Court ordered Plaintiff to show cause why Defendants Laurie Hines and William T. Day had not been served as required by Federal Rule of Civil Procedure 4(m). (Doc. 17). Thomas responded on September 23, 2024, and alleged a variety of issues relating to confirming Hines'

1

whereabouts, and stated that a process server was attempting to serve Hines at an address used by Hines on a court document she filed in Sanders County in 2023. (Doc. 19-1 at 2-5, 10). The Court gave Thomas until November 18, 2024 to serve Hines. (Doc. 20).

On November 18, 2024, Thomas filed his motion for leave to serve Hines by mail, arguing that Hines was actively evading service and that under Washington law, service by mail is appropriate if the Court determines it is as likely to provide actual notice as service by publication. (Doc. 30). In the body of the motion, Thomas asserts he received a letter from Hines on October 24, 2024, with a return address in Puyallup, Washington, at which the process server had been attempting to serve her between October 18, 2024 and November 9, 2024. (Doc. 30 at 1-2). Because Hines herself has established the Puyallup address as her mailing address, Thomas claims "service by mail is more likely to give notice than service by publication" and asks the Court to order as such.

Wash. Sup. Ct. Civ. R. 4(d)(4) provides as follows:

> *Alternative to Service by Publication.* In circumstances justifying service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication, the court may order that service be made by any person over 18 years of age, who is competent to be a witness, other than a party, by mailing copies of the summons and other process to the party to be served at the party's last known address or any other address determined by the court to be appropriate. Two copies shall be mailed, postage prepaid, one by ordinary first class mail and the other by a

>form of mail requiring a signed receipt showing when and to whom it
>was delivered. The envelopes must bear the return address of the
>sender. The summons shall contain the date it was deposited in
>the mail and shall require the defendant to appear and answer the
>complaint within 90 days from the date of mailing. Service under this
>subsection has the same jurisdictional effect as service by publication.

Thomas has not filed an affidavit as required by the rule. While Thomas does allege in the body of his motion the facts supporting his assertion that service by mail would be as likely to give actual notice as publication, the rule specifically requires an affidavit before the Court may order service by mail. Because that prerequisite has not been met, the Court will not order service by mail upon Hines. However, Thomas can cure the deficiency by following the specific requirements of Wash. Sup. Ct. Civ. R. 4(d)(4) and refiling his motion.

Thomas has additionally filed a Notice of Filing Return of Service and Affidavit of Counsel, upon which he assumedly relies to establish that Defendant Robert Day has been personally served. (Doc. 32). Thomas attached an affidavit of a process server, who was unable to locate Day but clipped the summons and complaint to the door of his wife's salon. (Doc. 32 at 3). Mont. R. Civ. P. 4(e) governs service on an individual, and states that service is accomplished by either "delivering a copy of the summons and complaint to the individual personally" or by "delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process." The rules governing service are "mandatory and must be strictly followed even where a defendant has actual notice

of the summons and complaint; knowledge of the action is not a substitute for valid service." *Fonk v. Ulsher*, 860 P.2d 145, 147 (Mont. 1993).

In an affidavit, Thomas's counsel asserts that Day came to his office, had the summons and complaint in his hand, and advised that he would not be participating in the lawsuit, despite having actual knowledge of it. (Doc. 32 at 6-7). Although the affidavit establishes that Day has knowledge of the case and has the documents, it does not establish actual service and thus does not comport with due process. *Fonk*, 860 P.2d at 148.

Given the difficulties attendant to effecting service on Day, and in light of the fact that Hines will have 90 days to appear from the date of compliance with the Washington service rules, the Court finds it appropriate to extend the deadline for effecting service on Day up to and including February 28, 2025.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to serve Defendant Laurie Hines by mail (Doc. 30) is DENIED without prejudice to refile, and further ordered that Plaintiff Thomas have until February 28, 2025 to properly effect service on Defendant William T. Day.

DATED this 12th day of December, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge