IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KARL THOMAS, an individual, | CV 24-58-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| SANDERS COUNTY, a municipal corporation, and LAURIE HINES, | |
| Defendants. | |

This matter comes before the Court on Defendant Sanders County's motion to dismiss Plaintiff Karl Thomas's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is denied for the reasons explained below.

## I.    Background[1]

Thomas and a friend of his, Michael Thompson, owned property located in Sanders County, Montana as joint tenants with rights of survivorship. (Doc. 18 at ¶ 2). After Thompson passed away, Thomas and Defendant Laurie Hines became involved in a dispute over ownership of the property, which includes several acres

---

[1] The following facts are taken from the First Amended Complaint and are accepted as true for purposes of this motion only.

1

of land, a house, and a storage building ("the Property"). (Doc. 18 at ¶¶ 3-5, 42). Thomas and Hines litigated their dispute in the Montana Twentieth Judicial District Court for Sanders County, which ruled that Thomas owned the Property and Hines owned Thompson's personal property. (Doc. 18 at ¶¶ 5-6, 43).

While Thomas was out of the country, Hines gained access to the house and storage building with the help of a Sanders County Sheriff's Deputy. (Doc. 18 at ¶¶ 13-14, 44). The Sheriff's Deputy did not ask Thomas for permission to enter the house, and did not have a court order, warrant, or other authority to enter the house or storage building. (Doc. 18 at ¶¶ 14-15, 45). The Sheriff's Deputy demanded that a caretaker for the Property allow Hines to enter the house and storage building. (Doc. 18 at ¶¶ 17, 46). The Sheriff's Deputy did not supervise Hines and left the Property while she was still in the house. (Doc. 18 at ¶ 20-21). Hines took several items that did not belong to her, removed fixtures, damaged the house and storage building, and kept the key to the house and storage building. (Doc. 18 at ¶ 19, 23-24, 47). The Sheriff's Deputy did not remain with Hines or supervise her conduct, did nothing to make sure that Hines took only those items that had been awarded to her by the state court, and did not monitor or restrict Hines' activities after illegally arranging her access to the house and storage building. (Doc. 18 at ¶¶ 26, 48).

Thomas filed this suit in April 2024, alleging federal constitutional claims against the County under 42 U.S.C. § 1983 and pendent state law claims against

both Defendants. (Doc. 1). He alleges § 1983 claims against the County for the taking of private property without just compensation in violation of Fifth Amendment to the United States Constitution, illegal entry onto private property in violation of the Fourth Amendment, and deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments. (Doc. 18 at ¶¶ 49-66). Thomas also alleges a state law trespass claim against the County. (Doc. 18 at ¶¶ 67-75). The County moves to dismiss Thomas's § 1983 claims on the ground that he fails to adequately allege a policy, custom, or practice as required to state a claim for municipal liability under § 1983.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li,* 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to

the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

To withstand a motion to dismiss under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The facts alleged must be sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

## III.   Discussion

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that "municipalities and other local governmental units" such as counties are "persons" within the meaning of §

1983 and can be sued for damages. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978).

Under *Monell*, a municipality cannot be held vicariously liable for the acts of its employees based on a respondeat superior theory. *See Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). Instead, to impose liability on a municipality under § 1983 the plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 694, *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986)). The plaintiff must additionally allege facts to support a reasonable inference that the execution of a policy, custom, or practice of the municipality was the "moving force" that resulted in a constitutional deprivation. *Monell*, 436 U.S. at 691-92.

A plaintiff can satisfy *Monell*'s policy or custom requirement in one of three ways. *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). First, the plaintiff can show that the local government acted "pursuant to an expressly adopted official policy." *Gordon*, 6 F.4th at 973 (citation omitted). Second, a local government "may be held liable for a 'longstanding practice or custom,'" such as failure "to implement procedural safeguards to prevent constitutional violations" or failure "to train its employees adequately." *Gordon*, 6 F.4th at 973 (quoting *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) and *Tsao v.*

*Desert Palace*, *Inc.*, 698 F.3d 1128, 1143 (9th Cir 2012)). Third, a local

government may be held liable under § 1983 "when the individual who committed

the constitutional tort was an official with final policy-making authority' or such

an official ratified a subordinate's unconstitutional decision or action and the basis

for it." *Gordon*, 6 F.4th at 974 (quoting *Clouthier v. County of Contra Costa*, 591

F.3d 1232, 1250 (9th Cir. 2010), *overruled on other grounds by Castro v. County*

*of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016)).

    The County argues Thomas has failed to allege sufficient facts establishing

the existence of a "policy or custom" that was the "moving force" behind the

alleged violation of his constitutional rights. (Doc. 22 at 4-5). Thomas counters that

he has adequately alleged a claim for municipal liability under the Ninth Circuit's

liberal pleading standard. (Doc. 29 at 2-4).

    Prior to *Twombly* and *Iqbal*, the Ninth Circuit followed the longstanding rule

that a claim of municipal liability under section 1983 was "sufficient to withstand a

motion to dismiss 'even if the claim [was] based on nothing more than a bare

allegation that the individual officers' conduct conformed to official policy, custom

or practice." *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir.

2002) (quoting *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th

Cir. 1988)). The Ninth Circuit has since held that to comply with the basic

principles set forth in *Twombly* and *Iqbal,* claims of municipal liability must satisfy

the following two-part pleading standard: (1) the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively;" and (2) the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing part to be subject to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The allegations in the First Amended Complaint are sufficient, albeit barely, to satisfy the pleading standard for a municipal liability claim. Thomas alleges that the County, through its sheriff's deputy, violated his constitutional rights by entering the Property without Thomas's permission and without a court order, warrant, or other authority. (Doc. 18 at ¶¶ 13-15, 45, 50-52, 54-55). Thomas further alleges that in doing so, the sheriff's deputy was acting pursuant to a policy or custom of the Sheriff's Office that resulted in the violation of his constitutional rights. (Doc. 18 at ¶¶ 16, 55). These factual allegations are sufficient to give the County fair notice of the underlying issues so that it can engage in discovery and motion practice and otherwise defend itself effectively. This is so particularly in light of the fact that the County has not filed a reply brief and makes no attempt to rebut Thomas's arguments. Because the allegations in the First Amended

Complaint satisfy the pleading standard for alleging § 1983 liability against a municipality, the County's motion to dismiss is properly denied.

## III.    <u>Conclusion</u>

For the reasons explained above,

**IT IS ORDERED** that the County's Rule 12(b)(6) Motion to Dismiss (Doc. 21) is DENIED. The Court will schedule a preliminary pretrial conference by separate order.

DATED this 23rd day of September, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge

8